# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Toni Lee Tack Pennington, Respondent.

Appellate Case No. 2014-002479

---

Opinion No. 27501
Submitted February 18, 2015 – Filed February 25, 2015

---

## PUBLIC REPRIMAND

---

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harvey M. Watson, III, Esquire, of Ballard & Watson, Attorneys at Law, of West Columbia, for Respondent.

---

**PER CURIAM:** In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension of up to nine (9) months, both with conditions. We accept the Agreement and issue a public reprimand with conditions as set forth hereafter. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Complainant A was employed as a secretary in respondent's law office. Complainant A's husband received a $25,000 inheritance. In January 2010, the

funds were deposited into respondent's trust account. Respondent agreed to hold these funds in her trust account and disburse the funds to Complainant A and her husband at Complainant A's direction. Complainant A maintains she did not indicate that any of the money was to be retained by respondent for prior legal services. Respondent, on the other hand, maintains that Complainant A authorized her to write checks to herself to pay for past legal fees incurred when respondent represented Complainant A and her husband in various domestic matters.

In respondent's initial response to the Notice of Investigation, dated January 11, 2012, respondent indicated that when Complainant A gave her the check to deposit in January 2010, Complainant A authorized her to take $1,500 to pay for past legal fees. Respondent stated that in August 2010, Complainant A authorized another $1,000 payment to pay for respondent's representation of Complainant A's husband in a child support arrearage collection action. Respondent emphasized that the $2,500 total she received from Complainant A's money was for earned legal fees and that these fees were authorized by Complainant A. However, instead of withdrawing those earned fees, respondent wrote a check for $1,000 and a check for $1,500 payable to third parties to pay her personal obligations directly from her trust account.

In a subsequent response dated September 28, 2012, respondent informed ODC for the first time that Complainant A had authorized her to take $4,500 from the $25,000 for earned legal fees. Respondent claimed Complainant A then changed her mind and told respondent that $4,500 was only meant to be a loan from Complainant A to respondent. Respondent stated she disputed this later characterization by Complainant A, but relented and agreed to treat the $4,500 disbursement as a loan. Respondent continued to disburse funds from this money after the $25,000 was exhausted. The ledger for the $25,000 reflected a negative balance in the amount of $4,500; according to respondent, the negative balance represented funds she was to repay. Respondent repaid Complainant A by leaving earned fees from other matters in her trust account.

Respondent admitted there were no fee agreements for the cases she handled for Complainant A. In an on-the-record interview with ODC on May 16, 2013, respondent stated that when the $25,000 was deposited, she took $4,500 for herself. Respondent stated Complainant A simply told her she could take what she needed, and there was no fee agreement as to how much she was owed for the work previously performed. Respondent did not tell Complainant A how much of

the funds she took and admitted she did not tell Complainant A that she took this money at all.

## Matter II

Respondent admits she was familiar with the recordkeeping requirements of Rule 417, SCACR, but failed to maintain adequate financial records as required by the rule. She stated that she performed reconciliations by comparing the bank statements with the outstanding checks, but admitted that if the account did not reconcile, she did not do anything so long as her trust account balance was positive. Respondent failed to maintain client ledgers for all clients.

## Matter III

Respondent served as a trustee for John Doe, an individual who was receiving social security benefits as the result of an accident. Once the social security payments were deposited into John Doe's trust, respondent would write checks from John Doe's trust to her trust account and then wire the money to John Doe in Greece. On several occasions, respondent disbursed funds to John Doe before she transferred the money from John Doe's trust account to her own, thus utilizing money belonging to other clients to pay John Doe.

## Matter IV

Respondent deposited $35,000 in settlement proceeds into her trust account on behalf of a client in a products liability case. The client had signed the settlement agreement but later refused to sign the necessary release. Respondent held the settlement funds in her trust account for over two years until the matter was resolved. However, respondent's trust account fell below $35,000 at least once during that period. Respondent stated this likely happened as a result of disbursing funds to John Doe from her trust account prior to transferring those funds from John Doe's trust. Respondent admits she failed to safeguard funds entrusted to her.

Respondent attended the Legal Ethics and Practice Program Trust Account School on February 13, 2013.

## Law

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(a)(lawyer shall safekeep client property); Rule 1.15(f) (lawyer shall not disburse funds from trust account unless funds to be disbursed have been deposited in account and are collected funds); and Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation). Respondent also violated provisions of Rule 417, SCACR.

Respondent also admits she has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

After careful consideration, the Court concludes that, at the time of her misconduct, respondent was overwhelmed by personal concerns, including her mother's declining health, caring for her special needs child, her pending divorce, and an impending move out of state. Further, the Court finds respondent had no intent to take funds belonging to others and that all clients have been made whole. Accordingly, the Court finds respondent's misconduct warrants a public reprimand. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) and, no later than one (1) year from the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School and provide proof of completion of the course to the Commission. Accordingly, we accept the Agreement and publicly reprimand respondent for her misconduct.

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**